UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darnell Monroe Long, #26692-001, <br><br>        Plaintiff, <br><br> vs. <br><br> M. M. Mitchell, Warden FCI Edgefield; <br> Ms. Rasario, Medical Director; <br> P.A. Saha, <br><br>        Defendants. <br> _____ | C/A No. 6:09-1345-TLW-WMC <br><br> **Report and Recommendation** |

### Background

This is a civil action filed by a *pro se* federal prisoner who is proceeding *in forma pauperis* under 28 U.S.C. § 1915.[1] He brings an action for "writ of mandamus" to compel the defendants, apparently employees of the United States Bureau of Prisons, to provide him with a prosthetic leg or physical and mental therapy related to loss of a limb.[2] He alleges that he is an above-the-knee amputee and that in October of 2006, his leg was amputated prior to his incarceration in April 2008. Plaintiff alleges that he arrived at FCI-Edgefield, South Carolina, on August 27, 2008, and that he was given a wheelchair. Plaintiff alleges that he is in his thirties and healthy and that he requested a prosthetic leg so that he can exercise. Plaintiff alleges that due to prolonged sitting in a wheel chair, he has gained weight, has shortness of breath, is losing strength in his good leg, and has back pain and bed/chair sores. Plaintiff alleges that his health is getting worse, and he alleges

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

that the defendants are violating 18 U.S.C. § 3553(a) (factors to be considered when imposing a sentence).

On May 27, 2009, this court entered an order requiring the plaintiff to bring this action into proper form and advising the plaintiff to keep the Clerk of Court informed as to his current address. On June 8, 2009, the plaintiff advised the court that he has been transferred to FCI Yazoo City Medium in Yazoo City, Mississippi. The plaintiff also did bring this action into proper form. However, at this time, this action should be dismissed because it is moot.

### *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under

§ 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

3

## Discussion

> Mootness questions often arise in cases involving inmate challenges to prison policies or conditions, and courts . . . have held that the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief. . . .

*Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007), *cert. denied,* 128 S. Ct. 2056 (2008). "'The doctrine[ ] of mootness . . . originate[s] in Article III's 'case' or 'controversy' language, no less than standing does.'" *Id.* at 286 (citation omitted). "Because the requirement of a continuing case or controversy stems from the Constitution, it may not be ignored for convenience's sake." *Id.* At this time, the plaintiff is no longer imprisoned at FCI-Edgefield, in Edgefield, South Carolina. In this action, the plaintiff seeks only injunctive relief or mandamus relief that he be provided a prosthetic leg or physical and mental therapy. Because the plaintiff has moved, the defendants could no longer redress the plaintiff's claims, and this action is moot.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

June 25, 2009                                             s/William M. Catoe
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).